**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| HALLMARK NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-1183-R |
| NORTHERN MADE OUTLAWS, LLC d/b/a Outlaws, | ) ) ) ) | |
| Defendant, | ) | |

## ORDER

Before the Court is Plaintiff Hallmark National Insurance Company's Motion for Default Judgment against Defendant Northern Made Outlaws, LLC [Doc. No. 13] pursuant to Federal Rule of Civil Procedure 55(b). Defendant has not filed a response to the Motion for Default Judgment within the requisite time. The matter is now at issue.

On October 9, 2025, Plaintiff filed this action pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 [Doc. No. 1]. Plaintiff seeks a declaratory judgment determining its rights and duties related to insurance coverage and defense of Outlaws. The record reflects Defendant was served and failed to answer or plead [Doc. Nos. 2, 4]. The Clerk entered default against Defendant on February 3, 2026 [Doc. No. 10].

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). However, before a default judgment may be entered, the

1

Court must consider whether it has jurisdiction over the parties and subject matter and "whether the unchallenged facts constitute a legitimate cause of action." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation and quotation marks omitted). Additionally, a "default judgment may not be entered until the amount of damages has been ascertained." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1243 (D. Colo. 2015).

Venue is proper in this District because the acts and/or omissions giving rise to this matter occurred in Payne County, Oklahoma. 28 U.S.C. § 1391(b)(2). The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, which provides that district courts shall have jurisdiction "of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." It does not appear that the Plaintiff and Defendant are citizens of the same state. The amount in controversy exceeds $75,000.

The Court is also satisfied it has personal jurisdiction over Defendant. "A federal district court may exercise jurisdiction over a properly served defendant 'who is subject to the jurisdiction of a court of general jurisdiction where the district court is located.'" *Sanchez est. of Standage v. White County Med. Ctr.*, 730 F. App'x 656, 658 (10th Cir. 2018) (unpublished) (quoting FED. R. CIV. P. 4(k)(1)(A)).

> "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). A corporation is "at home" where its state of incorporation and principal place of business is. And courts have routinely applied the personal jurisdiction rules regarding corporations to limited liability companies. *Frank v. P N K (Lake Charles)*

*L.L.C.*, 947 F.3d 331, 338 n. 10 (5th Cir. 2020) (collecting cases); *see Avus Designs, Inc. v. Grexxx, LLC,* 644 F. Supp. 3d 963, 974–82 (D. Wyo. Dec. 2, 2022) (discussing the debate over what "at home" means for LLCs and holding that an LLC should not be considered "at home" based on the citizenship of each member).

*Okla. First Cap. Fund X, Inc. v. RBR Glob., LLC*, No. CIV-25-082-PRW, 2026 WL 625117, at *2 (W.D. Okla. Mar. 5, 2026) (footnotes included in-text). Defendant is an Oklahoma Limited Liability Company and Plaintiff represents Defendant's principal place of business is in Stillwater, Oklahoma. Doc. No. 1, ¶ 3. Furthermore, Plaintiff served Defendant using a professional process server, who delivered a copy of the Complaint and Summons to Defendant's registered agent at its place of business. Doc. Nos. 2, 4.

By virtue of Defendant's default, the well-pleaded allegations of the Complaint are deemed admitted as to liability. See *United States v. Craighead*, 176 Fed. App'x 922, 924 (10th Cir. 2006) (unpublished) (citations omitted) (by defaulting, a defendant relieves the plaintiff of the requirement of proving the factual allegations in the complaint). Defendant has failed to respond or defend this action. The Court thus deems Plaintiff's allegations admitted as to liability for its claims.

The record indicates Defendant operates a bar called Outlaws in Stillwater. Greg Cummings owned the property upon which Outlaws operated at the time of the underlying incident. Outlaws patron Bradley Abbott sued Outlaws, Outlaws bouncer Jacob Dowdy, and Cummings for an assault and/or battery that Dowdy allegedly committed against Abbott at Outlaws ("Abbott Litigation"). Hallmark insured Outlaws at the time of the incident, but only covered assault and battery liability up to $25,000 per claim, $50,000 aggregate. Though Hallmark tendered $25,000 to Abbott's attorney in exchange for full

and final release of Outlaws and Dowdy, Abbott's attorney did not respond. Hallmark later received a Mediation Agreement wherein Outlaws agreed to be responsible for all claims and liabilities and to indemnify Cummings in the Abbott Litigation. Hallmark represents it did not consent to the Mediation Agreement.

Plaintiff seeks a declaration from this Court that (1) it has no further duty to pay or defend Outlaws once the $25,000 limit of liability has been extinguished, (2) it has no duty to cover or defend Outlaws for any part of its assumption of liability in its settlement with Cummings, and (3) it has no duty to cover Outlaws for any award of punitive damages in the Abbott Litigation.

"'An action for declaratory relief is appropriate to resolve coverage disputes between the insurer and insured.'" *Scottsdale Ins. Co. v. Owl Nite Sec.*, No. 06-CV-0097-CVE-SAJ, 2006 WL 3742102, at *4 (N.D. Okla. Dec. 15, 2006) (quoting *First Bank of Turley v. Fid. & Deposit Ins. Co.*, 928 P.2d 298, 304 n.23 (Okla. 1996)).

The insurance policy to which Plaintiff and Defendant are purportedly bound states that Plaintiff

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. . . . only if . . . [t]he "bodily injury" . . . is caused by an "occurrence" that takes place in the "coverage territory."

Doc. No. 13-1 at p. 21. "Occurrence" is defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 35.

4

Despite the coverage for bodily injuries caused by occurrences, the policy also includes an Assault and/or Battery Abuse Exclusion, *id.* at p. 65, which provides:

> This policy does not apply to any injury sustained by any person arising in whole or in part out of or resulting from "Assault and/or Battery" by: 1. any insured; [or] 2. any of [Outlaws's] Employees[.]" . . . We shall not have any duty to defend any suit against you seeking "damages" on account of any such injury. The intent of this endorsement is to exclude all injury sustained by any person, including emotional distress, arising out of "Assault and/or Battery" including but not limited to "Assault and/or Battery" caused by negligent employment, investigation, supervision, or reporting to the proper authorities, or failure to so report, or retention of a person for whom any insured is or ever was legally responsible.

Assault is defined in the policy as "any attempt or threat to inflict injury to another, including any conduct that would reasonably place another in apprehension of such injury." *Id.* Battery is defined as "any unlawful touching or use of force on someone with the intent to harm. . . ." *Id.* However, the policy also includes a separate Assault and/or Battery Liability Coverage Form, *id.* at p. 66, which provides:

> Assault and/or Battery Liability is covered up to the limits of liability shown below. Coverage is subject to this coverage form and the exclusions, conditions and other terms of this policy. . . .
>
> We will pay on your behalf all sums which you shall become legally obligated to pay as "damages" because of injury occurring during the policy period to any person, and arising out of assault and/or battery, caused by one of your "employees," or arising out of your failure to properly supervise. We shall have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and such settlement of any claim or suit as we deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of our liability has been exhausted.

The limits of liability are $25,000 per claim and $50,000 aggregate. *Id.*

> Whether plaintiff owes a duty to defend or indemnify depends on the interpretation of the Policy. Under Oklahoma law, insurance policies are contracts. *See* OKLA. STAT. tit., 36 § 102; *First Bank of Turley*, 928 P.2d at 302; *Silver v. Slusher*, 770 P.2d 878, 883 (Okla. 1988); *Christian v. Metropolitan Life Ins. Co.*, 566 P.2d 445, 448 (Okla. 1977). "An insurance policy, like any other contract of adhesion, is liberally construed, consistent with the object sought to be accomplished, so as to give a reasonable effect to all of its provisions, if possible." *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). Parties to an insurance contract are "bound by the terms of contract and courts will not undertake to rewrite terms thereof." *Id.* "The construction of an insurance policy should be a natural and reasonable one, fairly construed to effectuate its purpose, and viewed in the light of common sense so as not to bring about an absurd result." *Id.*

*Scottsdale*, 2006 WL 3742102, at *4.

Other courts have examined assault and/or battery exclusions similar to those in the instant policy. In *Event Sec., LLC v. Essex Ins. Co.*, No. CIV-16-1300-C, 2017 WL 7735838, at *1-2 (W.D. Okla. Jan. 30, 2017), a similar dispute arose regarding an insurance policy which covered bodily injuries resulting from "occurrences" defined as "accidents" but excluded coverage for bodily injuries arising out of assaults and/or batteries. The court found the similarly worded

> assault and/or battery exclusion dispositive of the issue. Each of the claims made by Third-Party Plaintiff Redd in the underlying action are premised on alleged negligence by Plaintiff Event Security in its hiring, training, placement, or supervision of Mr. Galyon. The alleged wrong committed by Mr. Galyon was a civil battery. That is, Mr. Galyon engaged in an offensive contact, which he intended, by shooting Mr. Simms. The language in the policy specifically excludes bodily injury arising out of assault and battery and also from any act or omission in connection with the prevention or suppression of such, specifically noting that it excludes coverage for allegations of negligent hiring, training, placement, or supervision relating to an assault and battery. Because this language is clear and unambiguous, it precludes coverage for the allegations raised by Third-Party Plaintiff Redd and bars any obligation of Defendant Evanston to indemnify or defend Plaintiff Event Security.

*Id.* at \*2. *See also Essex Ins. Co. v. Bayless*, No. 12-CV-226-JHP, 2013 WL 4832863, at \*5 (E.D. Okla. Sep. 10, 2023) (citing *Sphere Drake Ins. P.L.C. v. D'Errico*, 4 F. App'x 660, 662-63 (10th Cir. 2001) (unpublished); *Penley v. Gulf Ins. Co.*, 414 P.2d 305, 308 (Okla. 1966)) (insurance policy's clear limit of coverage to bodily injury caused by "occurrences" defined as "accidents" did not extend to intentional torts, which negate the existence of an accident under Oklahoma law) (citation omitted).

Here, Abbott purports to bring claims against Defendant at least partially based upon the Defendant's alleged negligence in its hiring, training, and supervision of Dowdy. The alleged wrongs committed by Dowdy are assault and battery.[1] Accordingly, due to the language in the policy, and considering Defendant's failure to present any persuasive argument or authority to the contrary, to the extent Abbott contends the alleged wrong committed by Dowdy was assault and/or battery, and to the extent he contends Defendant was negligent in supervising Dowdy in connection with that assault and/or battery, the policy bars any obligation of Hallmark to indemnify or defend Plaintiff after the stated policy limit of $25,000 has been extinguished.

Furthermore, the Assault and/or Battery Liability Coverage Form also explicitly states that the policy does not apply to "'bodily injury' . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." Doc. No. 13-1, at p. 22; *see also id.* at p. 66. In the absence of arguments to the contrary, this provision operates to insulate Plaintiff from liability based on Outlaws's assumption of

---

[1] The state court Petition alleges Dowdy "assaulted and/or battered and/or negligently struck" Abbott. Doc. No. 1-1, ¶ 7.

liability in the Mediation Agreement. And finally, the recovery of punitive damages is also excluded by the Assault and/or Battery Liability Coverage Form. Doc. No. 13-1, at p. 66 ("This policy does not apply . . . to any claim for punitive or exemplary damages.").

Accordingly, Plaintiff's Motion for Default Final Judgment against Defendant Northern Made Outlaws, LLC [Doc. No. 13] is GRANTED. To the extent the underlying wrong is assault and/or battery, and to the extent Abbott purports to bring claims against Defendant based on its negligence in its supervision of Dowdy in connection with that assault and/or battery, Hallmark has no duty to pay or defend Outlaws (1) once the $25,000 limit of liability has been extinguished, (2) for its assumption of liability in its settlement with Cummings, or (3) for any award of punitive damages in the Abbott Litigation. Judgment is entered in favor of Plaintiff and against Defendant Outlaws.

IT IS SO ORDERED this 20th day of April, 2026.

_David L. Russell_

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

8